**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. White, et al., | § | CASE NO.: 1:21CV1239 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE CHARLES E. FLEMING |
| | § | |
| RITE AID CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RITE AID CORPORATION'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

BACKGROUND .......... 1

ARGUMENT .......... 2

I. The Court Lacks Personal Jurisdiction Over RAC for the CSA and Equitable Claims. .......... 2

A. RAC is not amenable to service of process under Ohio's long-arm statute .......... 3

B. The Due Process Clause prohibits the exercise of jurisdiction over RAC. .......... 4

a. This Court cannot exercise general jurisdiction over RAC .......... 5

b. This Court cannot exercise specific jurisdiction over RAC. .......... 5

II. The Government Has Failed to Plead Plausible Allegations Supporting Any Claims Against Rite Aid Corporation. .......... 7

III. The Government's Claims Against Rite Aid Corporation Fail for the Same Reasons as Its Claims Against the Other Defendants. .......... 9

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron v. Durrani*,
No. 1:13-CV-202, 2014 WL 996471 (S.D. Ohio Mar. 13, 2014)....8, 9

*Best v. AT&T, Inc.*,
No. 1:12-cv-564, 2014 WL 12571407 (S.D. Ohio Sept. 16, 2014)....6

*Best v. Mobile Streams, Inc.*,
No. 1:12-CV-564, 2014 WL 4988220 (S.D. Ohio, Oct. 7, 2014)....4

*Bird v. Parsons*,
289 F.3d 865 (6th Cir. 2002)....5

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)....5

*Calphalon Corp. v. Rowlette*,
228 F.3d 718 (6th Cir. 2000)....3

*Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*,
692 F.3d 469 (6th Cir. 2012)....3

*Conn v. Zakharov*,
667 F.3d 705 (6th Cir. 2012)....2, 5

*Corcoran v. CVS Health Corp.*,
169 F. Supp. 3d 970 (N.D. Cal. 2016)....7

*Corrigan v. U.S. Steel Corp.*,
478 F.3d 718 (6th Cir. 2007)....6

*U.S. ex rel. Dingle v. BioPort Corp.*,
270 F. Supp. 2d 968 (W.D. Mich. 2003)....4

*Ealy v. Turrell*,
No. 3:08-CV-269, 2009 WL 1867674 (S.D. Ohio June 23, 2009)....8

*Eberhard Architects, LLC v. Bogart Architecture, Inc.*,
No. 1:14-CV-1185, 2014 WL 4354561 (N.D. Ohio Aug. 29, 2014)....8, 9

*Epps v. Stewart Info. Servs. Corp.*,
327 F.3d 642 (8th Cir. 2003)....4

*Garlock v. Ohio Bell Tel. Co.*,
No. 1:13-CV-02200, 2014 WL 2006781 (N.D. Ohio May 15, 2014) ....................................3, 6

*Hall v. GMS Mgmt. Co., Inc.*,
No. 21-4210, 2022 WL 17858852 (6th Cir. Aug. 11, 2022) ....................................................8

*Hall v. Madison Police Dep't*,
No. 1:18-CV-01999, 2018 WL 5775914 (N.D. Ohio Nov. 2, 2018).........................................9

*Heinrich v. Serv. Corp. Int'l*,
No. 09CV0524, 2009 WL 2177229 (W.D. Pa. July 22, 2009)..................................................4

*Henderson v. Rite Aid of N.Y., Inc.*,
No. 16-CV-785V(Sr), 2017 WL 11724424 (W.D.N.Y. July 10, 2017) ...................................8

*Jackson v. City of Columbus*,
194 F.3d 737 (6th Cir. 1999) ...................................................................................................4

*Microsys Computing, Inc. v. Dynamic Data Sys., LLC*,
No. 4:05-CV-2205, 2006 WL 2225821 (N.D. Ohio Aug. 2, 2006)...........................................6

*Riemeier Lumber Co. v. Universal Forest Prods. E. Div., Inc.*,
2008 WL 11351337 (S.D. Ohio Sept. 26, 2008) .......................................................................7

*Seri v. CrossCountry Mortg. Inc.*,
No. 1:16-CV-01214-DAP, 2016 WL 5405257 (N.D. Ohio Sept. 26, 2016) ............................9

*Theunissen v. Matthews*,
935 F.2d 1454 (6th Cir. 1991) .................................................................................................2

*Est. of Thomas v. Toyota Motor Corp.*,
545 F.3d 357 (6th Cir. 2008) ...................................................................................................6

*United States v. Bestfoods*,
524 U.S. 51 (1998).....................................................................................................................8

*US Herbs, LLC v. Riverside Partners, LLC*,
No. 1:15-CV-2557, 2016 WL 3090925 (N.D. Ohio June 2, 2016) ..........................................9

**Statutes**

21 U.S.C. § 829 et seq.......................................................................................................1

31 U.S.C. § 3732 et seq......................................................................................................1

OHIO REV. CODE § 2307.382(A)..........................................................................................3

**Other Authorities**

Fed. R. Civ. P. 4(k)(1)(C) ....................1

Fed. R. Civ. P. 8(a) ....................8

Fed. R. Civ. P. 9(b) ....................1

Fed. R. Civ. P. 12(b)(2)....................1, 2, 7, 10

Fed. R. Civ. P. 12(b)(6) ....................1

Fed. R. Evid. 201 ....................4

Rite Aid Corporation ("RAC") respectfully moves to dismiss the government's claims under the Controlled Substances Act ("CSA," 21 U.S.C. § 829 et seq.), for payment by mistake of fact, and for unjust enrichment for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and moves to dismiss the government's claims under the False Claims Act ("FCA," 31 U.S.C. § 3729 et seq.) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).[1]

RAC is a holding company. It has no employees and does not even have a bank account. RAC does not dispense prescription opioids (or any other pharmaceutical). Because the government's claims do not arise out of RAC's activities at all, let alone in Ohio, this Court lacks personal jurisdiction over RAC with respect to the CSA and equitable claims.

In the event the Court denies RAC's motion to dismiss the CSA and equitable claims pursuant to Rule 12(b)(2), alternatively, the Court should still dismiss those claims along with the FCA claims against RAC because the government fails to plausibly allege any acts by RAC that would give rise to liability.

Furthermore, all claims against RAC fail for the reasons stated in the Memorandum of Law in Support of the remaining Rite Aid defendants' motion to dismiss (the "Omnibus Motion"). ECF No. 56-1.

## BACKGROUND

RAC is a holding company incorporated in Delaware with its principal place of business in Pennsylvania. RAC holds the stock of its subsidiaries, but it has no other assets and conducts no operations. Declaration of Susan C. Lowell ("Lowell Decl.") ¶ 4. RAC has no employees and

---

[1] RAC does not move to dismiss the FCA claims (Counts I & II) on the basis of personal jurisdiction. Only Fifth Amendment restrictions on personal jurisdiction apply to claims under the FCA. *See* 31 U.S.C. § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which . . . , in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred."); Fed. R. Civ. P. 4(k)(1)(C) (allowing personal jurisdiction "when authorized by a federal statute").

pays no payroll taxes. *Id.* ¶ 5. RAC has a board of directors that provides overall strategic direction for the Rite Aid corporate family; board members are paid a stipend from the funds of Rite Aid Hdqtrs. Corp. ("RAHC"), not RAC. *Id.* RAC is not qualified as a foreign corporation under Ohio law, does not have a registered agent for service of process there, and is not regulated by any Ohio state agency. *Id.* ¶ 10.

Although RAC has subsidiaries, it is a separate and distinct company from those subsidiaries, each of which observes and enforces corporate formalities. RAHC employs Rite Aid corporate managers and other employees who work at Rite Aid's corporate headquarters. *Id.* ¶ 6. Employees who work in Rite Aid stores are employed by, and paid by, the operating subsidiary that operates the store, *e.g.*, Rite Aid of Ohio, Inc. *Id.*

Even if this motion were granted pursuant to Rule 12(b)(2), ten Rite Aid subsidiaries would remain as defendants for the government's CSA and equitable claims (RAHC; Rite Aid Connecticut, Inc.; Rite Aid of Delaware, Inc.; Rite Aid of Maryland, Inc.; Rite Aid of Michigan, Inc.; Rite Aid of New Hampshire, Inc.; Rite Aid of New Jersey, Inc.; Right Aid of Ohio, Inc.; Rite Aid of Pennsylvania, Inc.; and Rite Aid of Virginia, Inc.).

## ARGUMENT

### I. The Court Lacks Personal Jurisdiction Over RAC for the CSA and Equitable Claims.

The government has the burden of establishing that personal jurisdiction exists over a non-resident defendant. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). In response to a motion to dismiss, a plaintiff "must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

To establish personal jurisdiction for the CSA and equitable claims, the Complaint must demonstrate both that Ohio's long-arm statute has been satisfied and that the exercise of personal

jurisdiction would not deny RAC due process. *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012). The government can satisfy neither requirement.

**A. RAC is not amenable to service of process under Ohio's long-arm statute.**

Ohio's long-arm statute "does not extend to the constitutional limits of the Due Process Clause." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). The statute permits the exercise of personal jurisdiction over persons who commit certain, specified acts in Ohio, such as "[t]ransacting any business in [Ohio]," "[c]ontracting to supply services or goods in [Ohio]," or "[c]ausing tortious injury by an act or omission in [Ohio]." OHIO REV. CODE § 2307.382(A). The government cannot establish that RAC has engaged in any of these specified acts.

The government's claims do not arise out of RAC's activities in Ohio. Indeed, the claims do not arise from RAC's activities at all. That is because RAC engages in only limited activities relating to its status as a holding company. The Complaint asserts that RAC executed Medicare agreements on behalf of itself and its pharmacies, but RAC has no employees and does not negotiate agreements on behalf of any Rite Aid entity.[2] Compl. ¶ 48; Lowell Decl. ¶¶ 5-9. Similarly, the Complaint alleges that "Rite Aid Corporation . . . knowingly dispensed [] controlled substances," but RAC does not dispense or even oversee the dispensing of controlled substances. Compl. ¶¶ 103, 116, 120, 122; Lowell Decl. ¶¶ 4-6, 9.

---

[2] The government has not provided any evidence that RAC executed any agreement on behalf of itself or its subsidiaries. If "Rite Aid Corporation" appears in a signature block or company letterhead, that is not enough to confer personal jurisdiction over RAC because it is not proof that RAC did anything—especially when there is uncontroverted evidence that RAC did not engage in any relevant conduct. Moreover, RAC has dozens of operating subsidiaries, so it is neither surprising nor dispositive for jurisdictional purposes that "Rite Aid Corporation," the name of the publicly-traded parent company, was sometimes used in communicating with third parties. *See Garlock v. Ohio Bell Tel. Co.*, No. 1:13-CV-02200, 2014 WL 2006781, at *1 (N.D. Ohio May 15, 2014) (a corporation may "hold[] itself out to the public" without "distinguish[ing] services which it offers through its subsidiaries").

Finally, the Complaint seems to imply that RAC's 2022 Form 10-K somehow establishes personal jurisdiction over RAC because it states that RAC "deliver[s] health care services and retail products to over one million Americans daily." Compl. ¶ 22. As an initial matter, RAC's 10-K makes clear that it is speaking on behalf of itself and its "subsidiaries . . . partnerships and joint ventures." *See* Rite Aid Corporation 2022 Form 10-K, at 5, *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0000084129/000155837022005866/rad-20220226x10k.htm.[3] More to the point, nothing in RAC's 10-K "suggests that it does business in Ohio, provides services or goods in Ohio, or possesses any property in Ohio." *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2014 WL 4988220, at *2 (S.D. Ohio, Oct. 7, 2014) (holding that statements made in a Form 10-K filed by a holding company did not "show that personal jurisdiction . . . is proper under any subsection of the Ohio long-arm statute"); *see also Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642 (8th Cir. 2003) (rejecting argument that statements in SEC filings established personal jurisdiction over parent company); *Heinrich v. Serv. Corp. Int'l*, No. 09CV0524, 2009 WL 2177229, at *4 (W.D. Pa. July 22, 2009) (rejecting allegation that a parent company did business in the state where assertion was based on parent's 10-K, which defined "SCI" as parent and companies owned directly or indirectly by the parent).

**B. The Due Process Clause prohibits the exercise of jurisdiction over RAC.**

Even if the Ohio long-arm statute would permit the exercise of personal jurisdiction over RAC, the Federal Due Process Clause prohibits it. The Due Process Clause permits two types of personal jurisdiction: (1) general jurisdiction, where the cause of action need not arise from the

[3] The Court may take judicial notice of SEC filings, which are public records, and documents attached to the Motion that were referred to in Plaintiff's complaint. *See, e.g.*, Fed. R. Evid. 201; *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 975 (W.D. Mich. 2003) (appropriate to take judicial notice, under Fed. R. Evid. 201, of public documents from reliable sources on the internet).

defendant's contacts with the forum state; and (2) specific jurisdiction, where the cause of action arises from the defendant's contacts with the forum state. *Conn*, 667 F.3d at 712-13. This Court cannot exercise either type of jurisdiction over RAC.

**a. This Court cannot exercise general jurisdiction over RAC.**

Corporations are subject to general jurisdiction only where "their affiliations are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). A corporate defendant is usually only at home in its state of incorporation and its principal place of business. *Id.* The government acknowledges that RAC is a Delaware corporation with its principal place of business in Pennsylvania. Compl. ¶ 21; *see also Conn*, 667 F.3d at 718-19. The government provides no evidence (nor could it) that would permit this Court to exercise general jurisdiction over RAC.

**b. This Court cannot exercise specific jurisdiction over RAC.**

Specific jurisdiction exists only where the cause of action arises out of the defendant's contacts with the forum state. *Conn*, 667 F.3d at 712-13. The Due Process Clause permits the exercise of specific jurisdiction only when: (1) the defendant has purposefully availed itself of the privilege of acting in the forum; (2) the cause of action arises out of the defendant's activities in the forum; and (3) there is a substantial enough connection with the forum to make jurisdiction reasonable. *Id.* at 713; *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002). The government cannot meet this burden.

RAC did not avail itself of the privilege of acting in Ohio and cannot be said to have any connection with the state, where it has no property, assets, employees, income, or operations in Ohio and where it conducts no business in Ohio. Lowell Decl. ¶¶ 5, 7; *see also Garlock*, 2014 WL 2006781, at *3 (finding no specific jurisdiction over AT&T Inc., a holding company, and noting that evidence offered by the plaintiff "shows that it is AT&T's Inc.'s subsidiaries and affiliates

that are conducting business in Ohio, not AT&T, Inc. itself"); *Best v. AT&T, Inc.*, No. 1:12-cv-564, 2014 WL 12571407, at *3 (S.D. Ohio Sept. 16, 2014).

The government does not and cannot allege that personal jurisdiction over RAC subsidiaries would give rise to specific jurisdiction over RAC. Specific jurisdiction over a parent company based on a subsidiary's contacts with the forum state requires an extraordinary showing that "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for the purposes of jurisdiction." *Est. of Thomas v. Toyota Motor Corp.*, 545 F.3d 357, 362 (6th Cir. 2008). No such relationship exists between RAC and any of its subsidiaries. The government cannot overcome the general presumption that "[a] parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007); *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, No. 4:05-CV-2205, 2006 WL 2225821, at *7 (N.D. Ohio Aug. 2, 2006) ("Although several factors weigh in favor of recognizing an alter ego relationship between [the defendants], [the plaintiff] fails to provide sufficient facts to overcome the general presumption that one company operates independently from another.").

Furthermore, grouping related but distinct corporate entities together is not adequate for purposes of jurisdictional pleading. *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979 (N.D. Cal. 2016) (holding court lacked jurisdiction over pharmacy holding company where "[t]he only jurisdictional allegations in the [complaint] group CVS Health [the holding company] together with CVS Pharmacy, referring to Defendants collectively as 'CVS'").

The government has sued eleven "Rite Aid" entities, including RAC. The other ten entities are operating subsidiaries of RAC, and the Court may properly exercise personal jurisdiction over them as to all claims. But this is not true of RAC. RAC does not dispense or distribute prescription

opioids. It does not continuously and systemically conduct business in Ohio, and the claims in the Complaint do not arise from RAC's limited activities as a holding company. Accordingly, the Court lacks personal jurisdiction over RAC as to the CSA and equitable claims and those claims should be dismissed pursuant to Rule 12(b)(2).

## II. The Government Has Failed to Plead Plausible Allegations Supporting Any Claims Against Rite Aid Corporation.

The claims against Rite Aid Corporation should also be dismissed for the independent reason that the government fails to allege that RAC engaged in any of the conduct underlying the Complaint.[4]

The government (correctly) alleges that RAC is the parent company of other defendants, but this corporate structure does not constitute a basis for liability: "It is a well-established rule that a parent corporation will not be held liable for the acts of its subsidiary." *Riemeier Lumber Co. v. Universal Forest Prods. E. Div., Inc.*, 2008 WL 11351337, at *2 (S.D. Ohio Sept. 26, 2008); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries.").

Federal Rule of Civil Procedure Rule 8(a) requires the Complaint to allege RAC's individualized role and participation in the alleged misconduct. The government may not "lump all defendants together" and allege that they collectively caused its purported injury. *Eberhard Architects, LLC v. Bogart Architecture, Inc.*, No. 1:14-CV-1185, 2014 WL 4354561, at *3 (N.D. Ohio Aug. 29, 2014); *see also Aaron v. Durrani*, No. 1:13-CV-202, 2014 WL 996471, at *3 (S.D. Ohio Mar. 13, 2014).

[4] For the avoidance of doubt, RAC's arguments in support of dismissal of the CSA and equitable claims are in the alternative in the event the Court denies RAC's motion to dismiss those claims pursuant to Rule 12(b)(2).

The Complaint fails to satisfy this requirement. Throughout the 249-paragraph Complaint, the only allegations specifically concerning RAC are that it "is a publicly held Delaware corporation with its principal place of business in Philadelphia, Pennsylvania" and "incorporated other wholly owned subsidiaries in each state where its pharmacies do business," Compl. ¶ 21, and "executed . . . agreements on behalf of itself and its pharmacies." *Id.* ¶ 48. For the remaining allegations, the Complaint simply engages in impermissible group pleading, such as merging RAC with other entities as "do[ing] business in this district." Compl. ¶ 18.[5] The Complaint does not "identify a single instance" alleging "a specific action by" RAC giving rise to its claims. *Aaron*, 2014 WL 996471, at *4. Instead, the Complaint repeatedly and impermissibly groups together allegations against "Defendants" or "Rite Aid." Compl. ¶¶ 4-6, 9, 13, 35-36, 70-71, 77, 87, 91-93, 97, 100-01, 130-31, 138, 141-46, 154-62, 213-14, 224-25, 234.

The government's "allegations of collective, unspecified, and undifferentiated" conduct are insufficient to survive a motion to dismiss. *See Hall v. Madison Police Dep't*, No. 1:18-CV-01999, 2018 WL 5775914, at *1 (N.D. Ohio Nov. 2, 2018); *Aaron*, 2014 WL 996471, at *4. Because the Complaint does not allege RAC's "actual, individual role in the" purported misconduct, RAC should be dismissed. *Seri v. CrossCountry Mortg. Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *4-6 (N.D. Ohio Sept. 26, 2016) (dismissing party because complaint

[5] *See also* Lowell ¶ 4 ("RAC is a holding company. It holds stock of Rite Aid's subsidiaries . . . . RAC has no other assets and conducts no operations"); *Henderson v. Rite Aid of N.Y., Inc.*, No. 16-CV-785V(Sr), 2017 WL 11724424, at *2 (W.D.N.Y. July 10, 2017) (quashing deposition notices issued to RAC because it is a holding company with no employees and thus could not have taken any actions relevant to plaintiff's case). Accordingly, the Court need not credit any allegations in the Complaint suggesting RAC could have played a part in the underlying conduct. *See Hall v. GMS Mgmt. Co., Inc.*, No. 21-4210, 2022 WL 17858852, at *2 (6th Cir. Aug. 11, 2022) (courts need not accept as true factual allegations contradicted by materials subject to judicial notice); *see also Ealy v. Turrell*, No. 3:08-CV-269, 2009 WL 1867674, at *4 (S.D. Ohio June 23, 2009) (judicial decisions are subject to judicial notice).

"lumped" defendants together and contained no allegations regarding its "actual, individual role"); *see also Hall*, 2018 WL 5775914, at *2 (dismissing party where complaint did not specify "what actions" it took or how it "was at all involved with the facts"); *Eberhard Architects*, 2014 WL 4354561, at *3 (similar).

The Complaint falls even further short of satisfying Rule 9's heightened pleading standard with respect to the government's FCA claims against RAC. *See US Herbs, LLC v. Riverside Partners, LLC*, No. 1:15-CV-2557, 2016 WL 3090925, at *4 (N.D. Ohio June 2, 2016) (dismissing fraud claim against parent company where complaint only alleged that parent "owned" other defendants and "lump[ed] all defendants together" without making "separate allegations concerning each individual defendant").

## III. The Government's Claims Against Rite Aid Corporation Fail for the Same Reasons as Its Claims Against the Other Defendants.

The government's FCA, CSA, and equitable claims against RAC also fail for the reasons outlined in the memorandum of law in support of the remaining Rite Aid defendants' Omnibus Motion. ECF No. 56-1. The arguments in the memorandum of law in support of the Omnibus Motion apply equally to the claims against RAC. Accordingly, RAC incorporates those arguments by reference.[6]

## CONCLUSION

For the foregoing reasons, RAC respectfully requests that the Court dismiss the claims against it with prejudice.

[6] Again, RAC's arguments in support of dismissal of the CSA and equitable claims are in the alternative in the event the Court denies RAC's motion to dismiss those claims pursuant to Rule 12(b)(2).

Date: June 12, 2023

Respectfully Submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Eric W. Sitarchuk*
Eric W. Sitarchuk*
John M. Maloy*
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5840
eric.sitatchuk@morganlewis.com
john.maloy@morganlewis.com

Kelly A. Moore*
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6612
kelly.moore@morganlewis.com

Daniel M. Finer
One Oxford Centre
Pittsburgh, PA 15219
Telephone: (412) 560-7840
daniel.finer@morganlewis.com

*Attorneys for Defendant*

* Admitted *pro hac vice*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

Pursuant to Local Rule 7.1(f), undersigned counsel hereby certifies that the foregoing memorandum complies with the page limitations set by the Court in the "Joint Stipulation and Order," so ordered on June 12, 2023. ECF No. 55.

*/s/ Eric W. Sitarchuk*
Eric W. Sitarchuk

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed on June 12, 2023 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

*/s/ Eric W. Sitarchuk*
Eric W. Sitarchuk